UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Jesse Wright, Jr. (#M33345), | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 18 C 0664 |
| v. | ) |
| | ) Judge Jorge L. Alonso |
| Ghaliah Obaisi, Independent Executor of the Estate of Saleh Obaisi, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff Jesse Wright, who is presently a prisoner at Hill Correctional Center, brings this civil rights lawsuit under 42 U.S.C. § 1983, alleging deliberate indifference to a serious medical condition on the part of Dr. Obaisi[1] while Wright was incarcerated at Stateville Correctional Center. Defendant's Motion for Summary Judgment ("Motion") [61] is before the Court. For the reasons explained below, the Motion is granted.

## I. LEGAL STANDARD

**A. Federal Rule of Civil Procedure 56**

Pursuant to Federal Rule of Civil Procedure 56(a), this Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." To establish that a material fact is undisputed, a party "must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials." Rule 56(c)(1).

In determining whether genuine factual issues exist, the court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *See Weber v. Univs. Research Ass'n, Inc.*, 621 F.3d 589, 592 (7th Cir.2010). The court does not "judge the credibility of the witnesses, evaluate the weight of the evidence, or determine the truth of the matter. The only question is whether there is a genuine issue of fact." *Gonzalez v. City of Elgin*, 578 F.3d 526, 529 (7th Cir.2009). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

---

[1] Pursuant to Fed. R. Civ. P. 25(a)(1), the Independent Executor of Dr. Obaisi's estate, Ghaliah Obaisi, was substituted as defendant for Dr. Obaisi, who is deceased. [Dkt. 25.] For clarity and where context requires, the Court will refer directly to Dr. Obaisi.

Once the party moving for summary judgment demonstrates the absence of a disputed issue of material fact, "the burden shifts to the non-moving party to provide evidence of specific facts creating a genuine dispute." *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). The non-movant must go beyond the allegations of his complaint and "set forth specific facts showing that there is a genuine issue for trial." *Hannemann v. Southern Door County School Dist.*, 673 F.3d 746, 751 (7th Cir. 2012). A genuine issue of material fact exists only if there is evidence "to permit a jury to return a verdict for" the nonmoving party. *Egonmwan v. Cook County Sheriff's Dept.*, 602 F.3d 845, 849 (7th Cir. 2010); *Carroll*, 698 F.3d at 564 ("[m]ere metaphysical doubt" about material facts is not enough).

**B. Northern District of Illinois Local Rule 56.1**

Local Rule 56.1(a)(3) requires the moving party to submit "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to judgment as a matter of law." L.R. 56.1(a)(3). Each paragraph of the movant's statement of facts must include "specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph." L.R. 56.1(a). The opposing party must file a concise response to the movant's statement and to each numbered paragraph in the moving party's statement, which response must include "in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." L.R. 56.1(b)(3)(B). In addition, the Local Rule provides for the opposing party to file "a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon." L.R. 56.1(b)(3)(C). "All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." L.R. 56.1(b)(3)(C).

In accordance with Local Rule 56.1(a)(3), Defendant filed a Statement of Material Facts [Dkt. 126]. As required by Local Rule 56.1(a), each of the factual assertions set out in the numbered paragraphs of Defendant's Statement of Material Facts cites evidentiary material in the record that supports the assertion. Pursuant to L.R. 56.2, Defendant filed and served on Wright a Notice that explains in detail the requirements of Local Rule 56.1 as well as the consequences of failing to comply with the Rule.

Wright timely filed materials in opposition to Defendant's summary judgment submissions, but his filings do not include a response to Defendant's Statement of Material Facts as required by L.R. 56.1(b)(3)(B). Accordingly, the properly-supported facts set out in Defendant's Rule 56.1(a)(3) Statement of Facts are be deemed admitted. *See* L.R. 56.1(b)(3)(C); *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 218 (7th Cir. 2015) ("When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion.") (citation omitted); *Rao v. BP Prods. N. Am., Inc.*, 589 F.3d 389, 393 (7th Cir. 2009) ("In accordance with [Local Rule 56.1(b)(3)(C) ], the district court justifiably deemed the factual assertions in BP's Rule 56.1(a) Statement in support of its motion for summary judgment admitted because Rao did not respond to the statement.").

## II. FACTUAL BACKGROUND

The following uncontroverted facts from Defendant's Rule 56.1(a)(3) Statement of Material Facts are accepted as true for purposes of deciding Defendant's Motion.

On July 9, 2015, Wright was admitted to Stateville Northern Reception Center ("Stateville NRC") and a medical intake evaluation was conducted by D. Gregor Phelps, LPN. At that time, Wright self-reported a right inguinal hernia. (Dkt. 63, ¶ 9.) Over a year later, on August 7, 2016, Wright sought medical treatment for his hernia from the medical staff at Stateville. At this time, Wright was seen by a registered nurse who referred Mr. Wright to see a doctor. (*Id*., ¶ 10.) Wright was seen by a staff physician on August 11, 2016 and by Dr. Obaisi, the Stateville Medical Director, on August 16, 2016. (*Id*., ¶ 11.) Dr. Obaisi diagnosed Wright with a reducible right inguinal hernia, ordered a hernia truss, and ordered that Wright follow up with Dr. Obaisi in three months. (*Id*.) A hernia belt/truss is designed to keep the contents of a patient's reducible hernia inside the abdominal wall. This is accomplished by the application of pressure over the hernia defect. The belt/truss is helpful at reducing discomfort a hernia may cause. (*Id*., ¶ 12.)

Wright was next seen in the Stateville healthcare unit by Dr. Obaisi on November 8, 2016. (*Id*., ¶ 13.) At this time Wright reported that his hernia was painful and hard to reduce. For the first time, he reported that his hernia was affecting his ability to do his usual physical activities. (*Id*.) At his November 8, 2016 examination, Dr. Obaisi noted that Wright's right inguinal hernia was reduced and his assessment was "recurrent incarceration right hernia." Dr. Obaisi also began the process of referring Mr. Wright for outside specialty care. (*Id*., ¶ 14.) In order for an inmate to be referred to a specialist outside of the IDOC for non-emergent care, an IDOC Medical Special Service Referral and Report must be completed by the physician making the referral. (*Id*.) Dr. Obaisi completed this step on November 8, 2016. (*Id*.)

Wright was transferred from Stateville to Menard on November 10, 2016, two days after Dr. Obaisi drafted the consultation form. (*Id*., ¶ 15.) Wright's transfer was likely the result of the closure of one of the housing units at Stateville. (*Id*.) Inmate transfers between IDOC institutions is a decision made by the IDOC. It is not the decision of Dr. Obaisi. (*Id*., ¶ 16.)

## III. ANALYSIS

*Deliberate indifference.*

A prison official violates a prisoner's Eighth Amendment rights if he or she is deliberately indifferent to the prisoner's objectively serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "An objectively serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (per curiam) (quotations omitted). A defendant acted with deliberate indifference if "[he] was subjectively aware of the prisoner's serious medical needs and disregarded an excessive risk that a lack of treatment posed to the prisoner's health or safety." *Id*.

To prevail on a deliberate indifference claim, a plaintiff must prove more than that the defendant's conduct was negligent or even grossly negligent. *See Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("it is important to emphasize that medical malpractice, negligence, or even gross negligence does not equate to deliberate indifference"). A "plaintiff must show that the defendant was essentially criminally reckless, that is, ignored a known risk." *Figgs v. Dawson*, 829 F.3d 895, 903 (7th Cir. 2016) (quoting *Armato v. Grounds*, 766 F.3d 713, 721 (7th Cir. 2014)). A state officer is deliberately indifferent when he or she does nothing, *Hankins v. Lowe*, 786 F.3d 603, 605 (7th Cir. 2015), or when he or she takes action that is so ineffectual under the circumstances that deliberate indifference can be inferred, *Burke v. Johnston*, 452 F.3d 665, 669 (7th Cir. 2006); *see also Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (noting that a prison doctor demonstrates deliberate indifference by pursuing treatment "so blatantly inappropriate as to evidence intentional mistreatment").

A medical professional's erroneous treatment decision can lead to deliberate indifference liability if the decision was made in the absence of professional judgment. *See Collignon v. Milwaukee County*, 163 F.3d 982, 989 (7th Cir. 1998) ("A plaintiff can show that the professional disregarded the need only if the professional's subjective response was so inadequate that it demonstrated an absence of professional judgment, that is, that no minimally competent professional would have so responded under those circumstances."); *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261–62 (7th Cir. 1996) ("[D]eliberate indifference may be inferred based upon a medical professional's erroneous treatment decision only when the medical professional's decision is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on such a judgment.").

On the present record, no reasonable factfinder could conclude that Dr. Obaisi's conduct rises to the level of deliberate indifference under the standards set forth above.

There is no dispute that Wright was only seen by Dr. Obaisi on two occasions: August 16, 2016 and November 8, 2016. Two days after his second visit with Dr. Obaisi, Wright was transferred to another correctional facility and outside of the care of Dr. Obaisi. When Wright first saw Dr. Obaisi on August 16, 2016, Dr. Obaisi diagnosed Wright with a reducible right inguinal hernia, ordered a hernia truss, and ordered that Wright follow up with Dr. Obaisi in three months. Wright was seen again by Dr. Obaisi on November 8, 2016, at which time Dr. Obaisi began the process of referring Wright for outside specialty care. Wright does not contend, and there is no evidence suggesting, that Wright sought and was denied treatment by Dr. Obaisi at any time during the three months between his first and second consultations with Dr. Obaisi.

On these facts, there is no basis for any reasonable conclusion that Dr. Obaisi was deliberately indifferent to any known serious medical need of Wright. The first time, he saw Wright, Dr. Obaisi ordered a hernia truss for him, and the second time, Dr. Obaisi charted that Wright's hernia appeared reduced and began the referral process for Wright to see an outside specialist. There is no indifference to be found here on the part of Dr. Obasi. That is, there is no basis to conclude that Dr. Obaisi either did nothing, acted in a manner "so blatantly inappropriate as to evidence intentional mistreatment," or was so ineffectual under the circumstances that deliberate indifference can be inferred. Dr. Obaisi ordered a hernia truss for Wright and chose not to recommend surgery because Wright's hernia was reducible. Wright has made no showing that

these medical judgments constituted any sort of substantial departure from accepted professional judgment, practice, or standards. *See Jones v. Shah*, Case No. 11-cv-00611, 2014 WL 5439792, *3 (N.D. Ill. Oct. 27, 2014).

"It is also important to reiterate that the Eighth Amendment does not require that prisoners receive 'unqualified access to health care.'" *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9, (1992)); *see also Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997) ("Under the Eighth Amendment, [the plaintiff] is not entitled to demand specific care. She is not entitled to the best care possible. She is entitled to reasonable measures to meet a substantial risk of serious harm to her."). Wright may have wanted a different course of medical care, but "the Constitution is not a medical code that mandates specific medical treatment." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996).

Accordingly, Defendant is entitled to summary judgment on Wright's deliberate indifference claim.

## CONCLUSION

For the reasons stated above, Defendant Obaisi's Motion for Summary Judgment is granted. Judgment shall enter for Defendant. Civil case terminated.

**SO ORDERED.**                                        **ENTERED: August 15, 2019**

   _____
   **HON. JORGE ALONSO**
   **United States District Judge**